[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DATE OF SENTENCE MAY 11, 2001 DATE OF APPLICATION MAY 29, 2001 DATE OF APPLICATION FILED MAY 29, 2001 DATE OF DECISION DECEMBER 10, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, G.A. 6 New Haven at G.A. 6.
 Jeffrey Lee, Esq. For the State of Asst. State's Atty. Connecticut
 Bevin Osmond Salmond, Esq. For the Petitioner Asst. Public Defender
SENTENCE AFFIRMED
 BY THE DIVISION
This is an application for Sentence Review filed by the petitioner, Esau Green.
The petitioner was sentenced to serve, concurrent nine year sentences of incarceration following a probation revocation hearing. It is this sentence the petitioner seeks to have removed.
The following facts and procedural history guide our resolution of the petitioner's application for sentence review.
The petitioner pleaded guilty, under the Alford Doctrine to two counts of Sale of Narcotics in violation of Connecticut General Statutes §21a-277 (a). The Court sentenced the petitioner to a sentence of twelve years on each count suspended, to be served, if at all, concurrently, and five years probation. The petitioner agreed to and understood that one of CT Page 15334-ci the conditions of probation was that: he complete successfully the Day Top In Patient Drug Treatment Program and follow all after care recommendations.
Four months after sentencing, the petitioner's probation officer secured an arrest warrant for the petitioner based on the alleged violations of his probation, in that the petitioner left the Day Top Treatment facility against medical advice, and did not successfully complete the drug treatment inpatient program. After a probation revocation hearing the trial court found that the defendant had violated his probation. The trial court rendered judgment revoking the petitioner's probation and sentenced the petitioner to a nine year period of incarceration, on each count, to be served concurrently.
At the hearing before the Division, Counsel for the petitioner urged the Division to consider that the only reason the petitioner left the court mandated inpatient drug program was to obtain medical attention for his leg. Treatment the petitioner believed was only available outside the drug facility. Further counsel indicated that the petitioner has a long history of drug addiction and he gained nothing by leaving the court mandated drug treatment facility.
The petitioner addressed the Division and reaffirmed the medical cause for leaving the facility. (The petitioner suffered a compound fracture to his leg when he jumped from the second floor window of a building during a drug induced stupor in 1998). Petitioner indicated that he wanted a fair opportunity to address his drug problem.
Counsel for the State emphasized the petitioner's prior criminal history, which includes a prior violation of probation, a Robbery in the first degree conviction. The petitioner was remarkably never incarcerated. Further, counsel stated that the petitioner had opportunity after opportunity to address his drug problem. Counsel for the State urges the Division to impose the full twelve years.
Pursuant to Connecticut Practice Book § 42-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended".
The record reveals the trial Court prior to rendering judgment in painstaking detail, chronicled the criminal history and background of the CT Page 15334-cj petitioner in painstaking detail.
The trial court noted the petitioner "carried your addiction one step further and you have assisted in the addiction of others". The Court concluded it was clear from the record that "the only reason you were given an execution suspended was to enter the Day Top program".
The Court further determined that a review of the medical records placed into evidence confirmed the original diagnosis of the medical staff at Day Top. The Court concluded that the petitioner "used" his leg this time as an excuse for failure.
The record reveals that the trial court reviewed the whole record and could not find "one single indicia of evidence" that the petitioner would benefit from probation. The Court then imposed three years less than the original suspended sentence of twelve years.
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., Connecticut General Statute § 51-194 et seq.
In reviewing the sentence pursuant to § 43-28 of the Practice Book. The Division cannot conclude it was either inappropriate or disproportionate.
The sentence is AFFIRMED.
 ___________________, J. HOLDEN
 ___________________, J. MIANO
 ___________________, J. FORD
Miano, J., Ford, J. and Holden, J. participated in this decision. CT Page 15334-ck